United States District Court
Southern District of Texas
**ENTERED**
November 13, 2015
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| NKRUMAH LAMUNBA VALIER, | § | |
| (TDCJ-CID #1546714) | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-15-3247 |
| | § | |
| BOBBY E. ROBERTS, *et al.,* | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM ON DISMISSAL**

Nkrumah Lamunba Valier, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in November 2015, alleging civil rights violations. Valier, proceeding pro se, sues Bobby E. Roberts, officer in the Houston Police Department ("HPD"); Keith McMurtry, officer with the HPD; Dr. Lura Ghan, supervisor of the HPD Crime Lab; James Leitner, defense attorney; and Donna Hawkins, Assistant District Attorney for Harris County. The threshold issue is whether Valier's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g).

Valier complains that his conviction is illegal because law enforcement obtained a DNA sample without a warrant. Valier seeks $50,000.00 in compensatory damages and $200,000.00 in punitive damages.

A prisoner may not bring a civil action *in forma pauperis* in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). Valier's litigation history reveals that before filing

O:\RAO\VDG\2015\15-3247.a01.wpd

this action, he had at least three suits dismissed as frivolous. *See Valier v. State of Texas*, No. 4:14-CV-0075 (S.D. Tex.) (dismissed as frivolous January 14, 2014); *Valier v. State of Texas,* No. 4:13-CV-1955 (S.D. Tex.) (dismissed as frivolous July 9, 2013); and *Valier v. Hawkins,* No. 4:13-CV-0083 (S.D. Tex.) (dismissed as frivolous on February 11, 2013). In the present case, Valier does not allege that he is in imminent danger of serious physical injury. He is barred under 28 U.S.C. § 1915(g) from proceeding *in forma pauperis* in this action.

Valier's motion to proceed as a pauper, (Docket Entry No. 3), is DENIED. The complaint filed by Nkrumah Lamunba Valier (TDCJ-CID #1546714) is DISMISSED under 28 U.S.C. § 1915(g).[1] All pending motions are DENIED. Valier is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1)     the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2)     the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

---

[1]

In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's *in forma pauperis* appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.

(3)      the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas

75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on _____ Nov 12 _____, 2015.


VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE